UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

POLARIS INNOVATIONS LIMITED,

    Plaintiff,

    v.

DELL INC., et al.,

    Defendants.

Case No. 16-cv-07005-PJH

**ORDER EXTENDING STAY**

    Polaris Innovations Limited ("Polaris") filed this case on May 16, 2016, in the Western District of Texas against defendants Dell Inc. ("Dell") and NVIDIA Corporation ("NVIDIA"), asserting six claims against NVIDIA for infringement of six patents and three claims against Dell for infringement of three of those patents. Dkt. 1. The case was transferred to this District on December 7, 2016. Dkt. 54.

    During 2016 and 2017, NVIDIA filed eight inter partes review ("IPR") petitions against the patents-in-suit with the Patent Trial and Appeal Board ("PTAB"). See Dkt. 97 at n.1. On June 15, 2017, this court stayed the action until December 2017 pending the PTAB's decision whether to institute IPRs on the petitions. Dkt. 83. The PTAB instituted IPRs on some of the petitions. See Dkts. 85, 87. On February 15, 2018, the court extended the stay pending resolution of the IPRs. Dkt. 88. The court also ordered the parties to file a joint status update regarding the pending IPR proceedings and indicated that it would set a case management conference ("CMC") in December 2018. Id. On December 5, 2018, counsel for plaintiff wrote "on behalf of the parties to propose that the Court reschedule the CMC and postpone the deadline for the joint case management

1  statement to allow the remaining . . . [IPR] proceedings to conclude before the CMC."
2  Dkt. 92.  The court rescheduled the CMC to March 21, 2019.  Dkt. 94.

On March 14, 2019, counsel for plaintiff wrote "on behalf of the parties to provide a fifth joint status update on the inter partes review" proceedings.  Dkt. 97 at 1.  Counsel informed the court that "[t]he IPR proceedings at the PTAB relating to the Patents-in-Suit have now concluded although there are pending appeals from the PTAB decisions."  Id.

## DISCUSSION

A court may stay proceedings as part of its inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  Landis v. N. Am. Co., 299 U.S. 248, 254 (1936); Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) ("Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination.").  Use of this power "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."  Landis, 299 U.S. at 254–55.

In determining whether to stay an action pending IPR, courts consider "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party."  Evolutionary Intelligence, LLC v. Facebook, Inc., Case No. 13-cv-4202-SI, 2014 WL 261837, at *1 (N.D. Cal. Jan. 23, 2014); accord Uniloc United States of Am., Inc. v. Apple Inc., Case No. 18-cv-00361-PJH, 2018 WL 2387855, at *1 (N.D. Cal. May 25, 2018).

Those factors support continuing the stay until final resolution, including appeals, of the IPRs in this case.  First, the litigation is still in an early phase, discovery is not complete, and a trial date has not been set.  Second, the pending appeals could clarify and simplify the issues for trial and advance the court's and parties' interests in avoiding unnecessary expenditure of resources.  Third, plaintiff asserts that it has an interest in proceeding with the litigation quickly, but it offers no argument that it will be unduly

prejudiced by a stay. Polaris argues that a stay is prejudicial primarily because it is "a licensing entity" and that its "business is built around licensing," so its interest in enforcement is greater than Dell's or NVIDIA's interests would be in "enforcing their own IP rights[.]" Dkt. 97 at 2. But Polaris describes the issue exactly backwards. Because Polaris profits from the patents solely by licensing them rather than by selling competing products, it—more so than the maker of a competing product—can be adequately compensated by damages (along with applicable interest). In sum, plaintiff can be fully compensated through this action even after some delay.

## CONCLUSION

For the foregoing reasons, the stay is EXTENDED until final resolution of the IPRs concerning the patents at issue in this action, including any appeals therefrom. The CMC scheduled for March 21, 2019 is VACATED. The parties shall provide a joint status update to the court upon resolution of the appeals. Additionally, so long as any appeals remain pending, the parties shall provide a joint status update to the court on September 30, 2019, and every six months thereafter.

**IT IS SO ORDERED.**

Dated: March 19, 2019

PHYLLIS J. HAMILTON
United States District Judge